Per Curiam.
We fail to discover, in the facts alleged in the complaint, any sufficient ground for this action. If there was any good reason to question the validity of che appeal of Smith, it could have been well a,nd sufficiently done by motion in the original action. But aside from that, the defendant Smith had a legal right to appeal from the judgment, and take measures to reverse it if he could. He had also a legal right to have other attorneys substituted in the place of those ’ who had formerly served him to prosecute his appeal. And this is all' that has in fact been done, and of that the plaintiff has no just ground of complaint. If Smith, in his own mind, had at any time determined to abandon the case, he was not precluded from revising his determination, and perfecting his appeal. The plaintiff gained no right to prevent an appeal, until Smith formally, and in an effective way, surrendered to the plaintiff his right to appeal. This was not done. There is no reason why Smith or his attorneys should be restrained. They are but exercising unquestionable legal rights. '
If the interests of Bradley are promoted by Smith’s *587 appeal, this cannot effect his right to do what he has done. Nor is the fact that Bradley is aiding in the prosecution of Smith’s appeal, so long as Smith is proceeding in the exercise of a legal right, any ground for restraining him.
Judgment appealed from affirmed with costs.